UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD GRAY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-422-JAR |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Fifth Amended Complaint for failure to state a claim (ECF No. 123). The matter has been briefed and is ready for disposition.

Plaintiffs are former contractors with Defendant FedEx Ground Package System, Inc. ("FedEx Ground"). Each Plaintiff executed a "Pickup and Delivery Contractor Operating Agreement" with FedEx Ground which Plaintiffs allege misclassified them as independent contractors when they were in fact employees of FedEx Ground. In their Fifth Amended Complaint, Plaintiffs assert claims for fraudulent misrepresentation (Count I), illegal deductions from wages (Count II), and declaratory relief (Count III).

In support of its Motion, FedEx Ground argues that Count I of Plaintiffs' Fifth Amended Complaint does not sufficiently allege fraudulent misrepresentation, and that the fraud claims of at least thirteen of the Plaintiffs are time-barred. With respect to Count II, FedEx Ground argues there is no recognized cause of action for illegal deductions from wages under Missouri law.

1

Finally, as to Count III, FedEx Ground argues that because Plaintiffs are all former contractors, there is no current controversy between Plaintiffs and FedEx Ground that can be resolved by a declaratory judgment.

To survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Id. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). A complaint must, therefore, allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).

As noted above, FedEx Ground first argues Plaintiffs' Complaint fails to state a claim because it fails to sufficiently plead the content of the false representations in the Operating Agreement they are relying on. Further, to the extent Plaintiffs rely on certain fraudulent "omissions" by FedEx Ground, those omissions have not been pled with the particularity required by Rule 9(b). The Eighth Circuit has interpreted this rule to require Plaintiffs to include "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby" in their complaints. McKay v. GMAC Mortg., LLC, 2010 WL 2518590 at *2 (E.D.Mo.) (June 14, 2010) (citing Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir.2009) (citations omitted)).

"Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Prop. v. Quality Inns Int'l, 61 F.3d 639, 644 (8th Cir. 1995).

Plaintiffs concede they have not provided a detailed description of the facts and circumstances under which each Plaintiff was hired as an independent contractor and allegedly defrauded, both by statements made by FedEx Ground's employees and by the terms of the Operating Agreements, but contend these pleading deficiencies have been resolved through subsequent discovery. While it is true that FedEx Ground has completed discovery with the original six Plaintiffs herein, the Court cannot say that Plaintiffs' pleading deficiencies have been resolved with regard to the eighteen additional Plaintiffs. Plaintiffs propose amending Count I by adding a paragraph for each Plaintiff describing the specific facts and circumstances surrounding his employment, the FedEx Ground employees with whom each Plaintiff dealt, and a description of the untruthful and fraudulent statements made during the employment process.

FedEx Ground also argues that as to thirteen of the twenty-four Plaintiffs, their fraud claims are barred by Missouri's five-year statute of limitations, section 516.120(5), RSMo. In light of the Court's ruling herein, the Court need not address this issue. However, were the Court to address the statute of limitations issue at this juncture, the motion would be denied since there are fact questions concerning when each Plaintiff learned of his claim for fraudulent misrepresentation. A motion to dismiss on statute of limitations grounds should be granted only if the complaint on its face is conclusively time-barred and "no reasonable person could disagree on the date" on which the cause of action accrued. Metropolitan St. Louis Equal Housing Opportunity Council v. Tillman, 2007 WL 3046585 at *1 (W.D. Mo. October 16, 2007).

With respect to Count II, FedEx Ground argues Missouri does not recognize a cause of action for "illegal deductions from wages under revised Missouri statutes." Plaintiffs allege FedEx Ground "unlawfully withheld and diverted monies from the compensation earned by Plaintiffs....in violation of Section 290.010, et seq., RSMo." (¶ 52, Fifth Amended Compl.) In their Opposition to FedEx Ground's Motion, Plaintiffs reference section 290.527, RSMo., which establishes a right of action against an employer for underpayment of wages to which an employee is entitled "under or by virtue of sections 290.500 to 290.530....," and section 290.505, RSMo., which provides for overtime compensation. Plaintiffs concede they have found no authority for a private right of action under section 290.505, RSMo.; however, acting on the presumption that the legislature never intends a meaningless act, <u>Missouri ex rel. Bouchard v. Grady</u>, 86 S.W.3d 121, 123 (Mo.App. E.D. 2002), the Court finds these statutes establish a basis for Plaintiffs' claim. Plaintiffs propose filing an amended claim under section 290.010, et seq., including without limitation specific claims for wages under section 290.527 and for overtime under section 290.505, RSMo.

Finally, Plaintiffs concede their claim for declaratory judgment (Count III) is moot, as none of the Plaintiffs are currently employed by Defendant and thus lack standing for declaratory relief. Thus, Count III is dismissed as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Fifth Amended Complaint, construed as a Motion for More Definite Statement with respect to Counts I and II, is **GRANTED.** [Doc. 123]

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Fifth Amended

Complaint is **GRANTED** as to Count III. [Doc. 123]

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to file a Sixth Amended Complaint by December 23, 2011, which shall include the modifications to Counts I and II as proposed in their Opposition to FedEx Ground's Motion.

An appropriate order of partial dismissal will accompany this Memorandum and Order.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2011.