UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID WELLS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10-CV-2080-JAR |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| REGINALD GRAY, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06-CV-00422-JAR |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is set for trial on April 7, 2014. The parties have been unable to agree on a trial plan and have instead submitted their respective proposals for the Court's consideration.

In their Consolidated Proposed Trial Plan, Plaintiffs suggest, given the substantial common evidence, that the Court proceed with all 24 Gray plaintiffs in one consolidated trial followed by a second consolidated trial of all 13 Wells plaintiffs. (*Gray* Doc. No. 342; *Wells* Doc. No. 223) Under this plan, Plaintiffs estimate that the Gray case could be tried in approximately eight trial days and the Wells case in five trial days.

FedEx opposes Plaintiffs' trial plan, arguing that the sheer volume of individualized documentary evidence and witness testimony will be inherently confusing to a jury and unfairly

prejudicial to FedEx. FedEx further argues that Plaintiffs' trial plan will impose an enormous burden on the Court's docket given its estimate that a single Gray trial would require at least six weeks.(*Gray* Doc. No. 345; *Wells* Doc. No. 225)

In reply, Plaintiffs take issue with FedEx's assertions, noting that much of the evidence and testimony will be identical for each Plaintiff and that proper jury instructions can cure jury confusion and prevent prejudice to defendants. (Reply in Supp., *Gray* Doc. No. 352; *Wells* Doc. No. 233, pp. 6-8)

FedEx moves the Court for a bellwether trial consisting of six plaintiffs, three selected by Plaintiffs and three selected by FedEx. (*Gray* Doc. No. 347; *Wells* Doc. No. 228) According to FedEx, this approach would afford the parties an opportunity to evaluate the strengths and weaknesses of their arguments as to the remaining plaintiffs. (Id., p. 5) In addition, the smaller volume of evidence required would make the trial more manageable and efficient for the Court, and reduce the likelihood of juror confusion and unfair prejudice to FedEx. (Id., pp. 3-4) Alternatively, FedEx moves for a trial of the seven Gray plaintiffs who provided services from the St. Louis Ground terminal. (Id., pp. 5-7)

Plaintiffs oppose FedEx's motion on the grounds that neither option will provide a representative, statistically significant sample of Plaintiffs for purposes of due process, citing In re Chevron U.S.A., Inc., 109 F.3d 1016, 1020 (5th Cir. 1997) ("[B]efore a trial court may utilize results from a bellwether trial for a purpose that extends beyond the individual cases tried, it must, prior to any extrapolation, find that the cases tried are representative of the larger group of cases or claims from which they are selected. Typically, such a finding must be based on competent, scientific, statistical evidence that identifies the variables involved and that provides a sample of sufficient size so as to permit a finding that there is a sufficient level of confidence that the results obtained reflect

results that would be obtained from trials of the whole.") (Resp. in Opp., *Gray* Doc. No. 352; *Wells* Doc. No. 233, pp, 10-11)

In reply, FedEx refers back to the extensive record evidence it submitted to show that each of the consolidated trials proposed by Plaintiffs would be marathons for jurors and the Court. (Reply, *Gray* Doc. No. 356; *Wells* Doc. No. 237) FedEx maintains its proposal is the best option before the Court because it shortens the trial by several weeks and limits the individual evidence that a single jury must evaluate. (Id., pp. 12-13)

After careful consideration, the Court finds neither side's approach to trying these cases preferable. Unless the parties can otherwise agree, the Court will take the *Gray* case first, given its age and procedural history,[1] by proceeding to trial on the first twelve named plaintiffs. If necessary, the Court will then try the next twelve *Gray* plaintiffs. At the conclusion of the *Gray* case, the Court will try all thirteen *Wells* plaintiffs.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Defendant FedEx Ground Package System Inc.'s Motion for Bellwether Trial [347] is **DENIED**.

Dated this 3rd day of December, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[1] The case was filed on March 6, 2006, and subsequently transferred to the Multi-District Litigation ("MDL") in which similar cases against FedEx were consolidated in the Northern District of Indiana for discovery and class certification purposes. *In re FedEx Ground Package Sys., Inc.*, No. 3:05-MD-527-RM (N.D. Ind.). Following denial of class certification, In re FedEx Ground Package System., Inc., Employment Practices Litigation, 273 F.R.D. 424, 475 (N.D. Ind. 2008), the case was remanded back to this Court on December 28, 2010. .