UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD GRAY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:06-CV-00422 JAR |
| ) | |
| FEDEX GROUND PACKAGE SYSTEM, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Amend the Judgment to Include Pre- and Post-Judgment Interest on the verdict amounts awarded to Plaintiffs Bobby Brown, Reginald Gray, Jammie Hill, Marcus Holmes, Michael Jost, Richard Mitchell, Carl Tucker, James Tichenor, and John Waweru (collectively, "Plaintiffs") pursuant to Mo. Rev. Stat. § 408.020 and 28 U.S.C. § 1961. (Doc. No. 553) Defendant FedEx opposes the motion insofar as it seeks an award of prejudgment interest. The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted in part and denied in part.

**Discussion**

Prejudgment interest can only be awarded under § 408.020 on liquidated damage claims. Macheca Transport Co. v. Philadelphia Indem. Ins. Co., 737 F.3d 1188, 1196 (8th Cir. 2013) (citing Watters v. Travel Guard Int'l, 136 S.W.3d 100, 111 (Mo.Ct.App.2004)). Prejudgment interest is generally not available for unliquidated claims because the defending party does not know the amount owed and should not be considered in default for failure to pay. Id. (citing Fohn v. Title Ins. Corp. of St. Louis, 529 S.W.2d 1, 5 (Mo.1975); Investors Title Co. v. Chicago

Title Ins. Co., 983 S.W.2d 533, 538 (Mo.Ct.App.1998)). "In order to be liquidated so as to allow interest, a claim must be fixed and determined or readily determinable, but it is sufficient if the amount due is ascertainable by computation or by a recognized standard." Id. "An exact calculation of damages need not be presented in order for the claim to be considered liquidated. Damages may still be ascertainable, even in the face of a dispute over monetary value or the parties' experts compute different estimates of the loss." Comens v. SSM St. Charles Clinic Med. Grp., Inc., 335 S.W.3d 76, 82 (Mo.Ct.App.2011) (internal quotation marks and citation omitted).

FedEx argues Plaintiffs are not entitled to prejudgment interest because their claims for fraudulent misrepresentation, a tort, do not fall under any of the enumerated categories of § 408.020, i.e., "money due and payable, on written contracts," "accounts after they become due and demand of payment is made," "money recovered for the use of another, and retained without the owner's knowledge of the receipt," or money "due for the forbearance of payment whereof an express promise to pay interest has been made." Mo. Rev. Stat. § 408.020. Moreover, even if Plaintiffs' claims fell into one of these categories, their damages were not liquidated or "readily ascertainable." (Doc. No. 556, p. 2, citing St. John's Bank & Trust Co. v. Intag, Inc., 938 S.W.2d 627, 630 (Mo. Ct. App. 1997)). "When the measure of damages in a tort case is contested, the damages are not readily ascertainable and prejudgment interest may not be awarded." In re Lauer, 371 F.3d 406, 412-13 (8th Cir. 2004) (award of prejudgment interest reversed because the parties disagreed as to which figures comprised plaintiffs' total recoverable damages for fraud; thus, the claim was not liquidated).

In reply, Plaintiffs contend their damages were ascertainable by a recognized standard. The standard for measuring damages in a fraudulent misrepresentation claim is the difference between what the plaintiff received and the value given for what he received. Plaintiffs argue the

fact that both sides' damages experts computed the amount of these damages differently does not render their damages unliquidated. (Doc. No. 567, pp. 4-6)

Plaintiffs further argue that even if their claims are unliquidated and not readily ascertainable, they are nonetheless entitled to prejudgment interest on the reasonable value of the services rendered. (Doc. No. 567, pp. 10-11) Plaintiffs rely on Farmland Indus. v. Frazier-Parrott Commodities, 111 F.3d 588, 592 (8th Cir. 1997) and Laughlin v. Boatmen's Nat'l Bank of St. Louis, 189 S.W.2d 974, 979 (Mo.Ct.App. 1945), two cases awarding prejudgment interest on claims for attorneys' fees. In Farmland, a commodities broker successfully defended a lawsuit brought by one of its customers and then sought an award of attorneys' fees under a provision of the brokerage contract. The court held that because the contract gave the broker a claim for the reasonable value of the services rendered by attorneys in defense of the action, the case required an award of prejudgment interest. 111 F.3d at 593 (citing Laughlin, 189 S.W.2d at 979-80). In Laughlin, the court held that prejudgment interest could be awarded in an action "in quantum meruit for the reasonable value of legal services." 189 S.W.2d at 978.

FedEx distinguishes these cases in that neither one of them involved a tort claim. Rather, the cases arose from unique causes of action in which the plaintiffs sought to recover, in quantum meruit, or for breach of contract, the reasonable value of services rendered for which they were not paid.[1] (Doc. No. 572, pp. 2-3) Here, Plaintiffs asserted a claim for fraudulent misrepresentation, not for breach of contract or quantum meruit, and were paid pursuant to the Operating Agreement. In addition, FedEx points to a number of Missouri cases finding fraud claims are not eligible for prejudgment interest. See e.g., Sequa Corp. v. Cooper, 128 S.W.3d 69, 77-78 (Mo. Ct. App. 2003); California & Hawaiian Sugar Co. v. Kansas City Terminal

---

[1] The Court granted FedEx leave to file a surreply to address this argument, raised for the first time in Plaintiffs' reply memorandum.

Warehouse Co., Inc., 602 F. Supp. 183, 190 (W.D. Mo. 1985). See also Schreibman v. Zanetti, 909 S.W.2d 692, 704-05 (Mo.Ct.App. 1995), where the court held that plaintiff's claim for damages based on fraudulent misrepresentation was not liquidated where the parties "hotly contested" the measure of damages.

The Court ruled that Plaintiffs were entitled to seek as damages the benefits they should have received as FedEx employees. As evidenced by their respective expert reports, Plaintiffs and FedEx vigorously disputed the proper theory and measure of these damages, as well as the proper calculation of damages per the methodology of Plaintiffs' expert, Douglas Miller. Because there was no readily ascertainable method by which FedEx could have been aware of the amount it owed, Plaintiffs' claims were unliquidated and prejudgment interest is not recoverable. Ritter Landscaping, Inc. v. Meeks, 950 S.W.2d 495 (Mo.Ct.App. 1997); Swift Transp. Co., Inc. v. Swearengin, 709 S.W.2d 130 (Mo.Ct.App. 1986).

Moreover, § 408.040.3, RSMo 2014, provides in part:

> In tort actions, if a claimant has made a demand for payment of a claim or an offer of settlement of a claim, to the party, parties or their representatives … and the amount of the judgment or order exceeds the demand for payment or offer of settlement, then prejudgment interest shall be awarded, calculated from a date ninety days after the demand or offer was received … or from the date the demand or offer was rejected without counteroffer, whichever is earlier.

"Prejudgment interest in tort actions is recoverable only upon proof of fact demonstrating the requirements of § 408.040 have been met." Chambers by Abel v. Rice, 858 S.W.2d 230, 232 (Mo.Ct.App.1993). Plaintiffs did not establish compliance with this statute. Therefore, they are not entitled to prejudgment interest.

FedEx does not oppose Plaintiffs' request for post-judgment interest. Thus, Plaintiffs' motion will be granted in this respect.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend the Judgment to Include Pre- and Post-Judgment Interest [553] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiffs' request to amend the judgment to include pre-judgment interest is **DENIED**.

**IT IS FURTHER ORDERED** that the Judgment entered in this action on May 12, 2014, is amended to award Plaintiffs Bobby Brown, Reginald Gray, Jammie Hill, Marcus Holmes, Michael Jost, Richard Mitchell, Carl Tucker, James Tichenor, and John Waweru, post-judgment interest at a rate of 0.10% from May 12, 2014.

A separate amended judgment will accompany this Memorandum and Order.

Dated this 5th day of September, 2014.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**