UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD GRAY, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FEDEX GROUND PACKAGE SYSTEM, )<br>INC., )<br>)<br>Defendant. ) | No. 4:06-CV-00422 JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on cross motions for bills of costs. This action was filed by FedEx drivers challenging their status as independent contractors under Missouri law and asserting claims for fraudulent misrepresentation. The claims of eleven of the 24 plaintiffs in the above-captioned matter, Reginald Gray, Jammie Hill, Marcus Holmes, Roy Patton, Jr., James Tichenor, Carl Tucker, Bobby Brown, Michael Jost, Rich Mitchell, John Waweru, and Kevin Pour, came before a jury for trial on April 7, 2014. On April 28, 2014, the jury returned a verdict in favor of Reginald Gray, Jammie Hill, Marcus Holmes, James Tichenor, Carl Tucker, Bobby Brown, Michael Jost, Richard Mitchell, and John Waweru and in favor of Defendant FedEx on the claims of Roy Patton, Jr. and Kevin Pour. On May 12, 2014, the Court entered judgment based on the jury's verdict. (Doc. No. 550) On May 15, 2014, Plaintiffs filed their Motion for Bill of Costs, asserting entitlement to costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 in the amount of $68,750.54. On May 29, 2014, FedEx filed its objections to Plaintiffs' Bill of Costs. (Doc. No. 562) Plaintiffs filed a reply on June 5, 2014. (Doc. No. 566) On June 2, 2014, Defendant FedEx filed its Motion for Bill of Costs in the amount of $33,428.10

against Plaintiff Roy Patton, Jr. and $34,510.90 against Plaintiff Kevin Pour. Plaintiffs filed their objections to FedEx's bill of costs on June 16, 2014. (Doc. No. 574) FedEx did not file a reply. These matters are, therefore, fully briefed and ready for disposition.

### I. Legal standard

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs-other than attorney's fees-should be allowed to the prevailing party." Cowden v. BNSF Railway Co., 2014 WL 107844, at *1 (E.D. Mo. Jan 3, 2014). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title. The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts." Cowden, 2014 WL 107844, at *1 (quoting Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002)). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. Id. (citing Pershern v. Fiatallis North America, Inc., 834 F.2d 136, 140 (8th Cir. 1987)).

### II. Discussion

### A. Plaintiffs' Bill of Costs

Plaintiffs have submitted a bill of costs in the amount of $68,750.54, which includes $450.00 for fees of the clerk; $16,947.42 for printed or electronically recorded transcripts; $5,100.00 for fees and disbursements for printing; $1,451.01 for witness fees; $4,998.65 for

copying expenses; and $39,803.46 for expert witness fees. FedEx generally objects to Plaintiffs' bill of costs to the extent such costs reflect the entire amount of certain shared costs of the *Gray* litigation, with no attempt to calculate amounts recoverable proportionate to the nine plaintiffs who prevailed at trial. FedEx also objects to the extent the costs sought were not necessary, or wholly unrelated to the litigation, or reflect expenses that are not recoverable in accordance with Rule 54 and 28 U.S.C. §§ 1920, 1821. (Doc. No. 562, p. 2)

**Costs relating to Plaintiffs who did not prevail at trial**

FedEx argues that, to the extent the costs claimed are not specific to the prevailing parties, or are more properly considered as shared costs among all 24 Gray plaintiffs, they are not fully recoverable under Rule 54(d)(1). FedEx contends a pro rata discount is necessary to accurately reflect the amount of such costs attributable to only those nine plaintiffs who prevailed.[1] Specifically, FedEx identifies costs sought for the transcripts and exhibits of Pour ($1,252.00), as well as amounts sought on one invoice for the scanned exhibits of Patton and Plaintiffs Michael Sheffer[2], Jamie Tenison, and Seid Huskic, who did not participate in this trial ($73.20 out of a $240.60 invoice). (Doc. No. 554-2, pp. 1, 12, 16)

---

[1] FedEx submits the following pro rata reductions, totaling $5,350.03:

- Of the $450.00 claimed as "Fees of the Clerk"- costs that were incurred for the litigation of the entire Gray case - only 9/24ths, or $168.75, are allowable as costs, a reduction of $281.25;

- Of the $6,082.371 in costs claimed for the deposition transcripts of Chris Mora, Douglas Miller, Nathan Mollenhauer, and Avram Tucker, only 9/24ths, or $2,280.89, are allowable as costs, a reduction of $3,801.48;

- Of the $4,998.65 in costs claimed for "Fees for Exemplification and the Costs of Making Copies for Use in the Case at Trial," only 9/12ths, or $3,748.99, are allowable as costs, a reduction of $1,249.66; and

- Of the $97.00 in costs claimed for the witness fees of Eric Wallace and Will Rosa, only 9/11ths, or $79.36, are allowable as costs, a reduction of $17.64.

(Doc. No. 562, pp. 3-4)

[2] Sheffer's claims were dismissed with prejudice for failure to prosecute on the first day of trial. (Doc. No. 509)

FedEx cites no authority in support of a pro rata reduction. Of course, costs are only taxable to the prevailing party. Fed.R.Civ.P. 54(d)(1). Further, in this Circuit there is a presumption in favor of awarding costs to a prevailing party. See, e.g., Martin v. DaimlerChrysler Corp., 251 F.3d 691, 696 (8th Cir. 2001). Plaintiffs in this case are represented by the same counsel and have identical theories of liability. To make a pro rata reduction of the costs as FedEx suggests would deny Plaintiffs the costs they necessarily incurred in bringing their claims, all of which involved a "common core of facts" and "related legal issues." Holland v. City of Gerald, Mo., 2013 WL 1688300, at *2 (E.D. Mo. Apr. 18, 2013). Under these circumstances, the Court declines to apply a pro rata discount to Plaintiffs' costs.

**Costs of deposition transcripts relevant only to the *Wells* case**

FedEx objects to the costs for the deposition transcripts and exhibits of Dennis Dewitt, former terminal manager in the St. Joseph, Missouri terminal ($1,593.80) and Daniel Huesman, former terminal manager in the Sikeston, Missouri terminal ($1,137.65) on the grounds that neither deposition relates specifically to the *Gray* case and were actually taken in the companion case of *David Wells, et al. v. FedEx Ground Package System, Inc*., Cause No. 4:10-cv-2080 JAR. (Doc. No. 562, p. 5) Plaintiffs respond that they deposed Dewitt and Huesman to aid in their understanding of FedEx's policies and procedures and their application in Missouri, and relied on their deposition testimony in their motion for partial summary judgment on employment status. (Doc. No. 566, pp. 7-8)

The Court has broad discretion to tax costs of a deposition which are reasonably necessary to the case and which were not taken solely for investigative purposes. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). Again, Plaintiffs in this case and the *Wells* case are represented by the same counsel and sought the same discovery to support their

related claims. Under these circumstances, it cannot be said that the depositions of these two witnesses have no relevance or relation to this case. Plaintiffs have established to the Court's satisfaction that the depositions of Dewitt and Huesman "reasonably seemed necessary at the time they were taken." Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). The Court overrules FedEx's objection to Plaintiffs' claim for the costs for the deposition transcripts and exhibits of these witnesses.

**Expert witness fees**

FedEx objects to the $39,803.46 in fees claimed by Plaintiffs relating to their expert Douglas Miller. (Doc. No. 562, pp. 5-8) In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987), the Supreme Court held that taxation of witness fees pursuant to § 1920(3), whether for an expert or lay witness, is limited to the statutory fee and allowances for travel and subsistence as provided in § 1821(b). See also, Pinkham v. Camex, Inc., 84 F.3d 292, 295 (8th Cir. 1996). Accordingly, the Court will award Plaintiffs costs of $1,354.01 for Mr. Miller's trial attendance, travel and subsistence.

**Costs of shipping and delivering transcripts**

Costs associated with delivery of depositions are not recoverable under § 1920(2). See Smith, 436 F.3d at 889. Plaintiffs state these costs were inadvertently included in their original bill of costs. (Doc. No. 566 at 1-2) The amount of $480.00 for shipping and delivering transcripts will be deducted from Plaintiffs' bill of costs

**Costs for fees and disbursements for printing**

FedEx objects to Plaintiffs' copying charges of $5,100.00 in the absence of documentation or supporting invoices. (Doc. No. 562, p. 9) Plaintiffs respond that they provided

the "best breakdown" available from their records.[3] (Doc. No. 566, p. 10) Whether printing or copying expenses are taxable as costs to a prevailing party is a matter of the Court's discretion. See Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002). "Amounts sought for copy expenses must be documented or itemized in a manner that permits the Court to meaningfully evaluate the request." Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC, 2014 WL 1729152, at *1 (E.D. Mo. May 1, 2014) (citing Yaris v. Special School Dist. of St. Louis County, 604 F. Supp. 914, 915 (E.D. Mo. 1985)).

Here, Plaintiffs' counsel submitted an affidavit stating these charges were incurred for the purpose of copying "Plaintiffs' records and documents for production to Defendant in response to Defendant's discovery requests," including but not limited to, tax returns, settlement statements, receipts, Daily Service Records, inspection forms, operating agreements and addenda, business records, and copies of FedEx Ground training material, and estimated based on "the information available to Plaintiffs' counsel." (Toma Aff., ¶¶ 7-9) Given that this litigation has been ongoing for eight years, the Court finds the amount requested by Plaintiffs is reasonable. The Court awards Plaintiffs costs of $5,100.00 for copies necessarily obtained for use in the case.

**B. FedEx's Bills of Costs against Plaintiffs Roy Patton, Jr. and Kevin Pour**

FedEx has submitted a bill of costs against Patton in the amount of $33,428.10, and against Pour in the amount of $34,510.90, both of which include $20.85 for fees of the clerk;

---

[3] Plaintiffs estimate the number of pages produced for the nine prevailing plaintiffs at 2,500 pages for each of 17 bankers boxes produced at an estimated rate of 12 cents per page. (Affidavit of John E. Toma, Doc. No. 554-3, ¶¶ 8-9)

$223.84 for witness fees; $919.13 for copying expenses; and $29,046.26 for a pro-rated expert witness fee.[4]

Plaintiffs generally object on the grounds that FedEx is not the prevailing party. (Doc. No. 574, pp. 3-7) The Court agrees. A prevailing party is " '[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded[.]' "Lanzarini v. Berkadia Commercial Mortg., LLC, 2014 WL 3734310, at *1 (E.D.Mo. July 29, 2014) (quoting Buckhannon Bd. and Care Home v. West Virginia, 532 U.S. 598, 603 (2001) (alteration in original) (quoting Black's Law Dictionary 1145 (7th ed.1999)); Litecubes, L.L.C. v. Northern Light Products, Inc., 2006 WL 5700252 at *11 (E.D.Mo. Aug. 25, 2006). In other words, a prevailing party is one who obtains the benefit of a "material alteration of the legal relationship of the parties [ .]" Id. (quoting Buckhannon, 532 U.S. at 604). Importantly, "[a] party who is only partially successful also can be deemed a prevailing party." Id. (citing 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2667 (3d ed.1998)).

The issue of Plaintiffs' employment status was the lynchpin of this case. The Court decided this issue in favor of Plaintiffs on summary judgment, thereby materially altering the legal relationship between Plaintiffs and FedEx. As argued by Plaintiffs, no subsequent claim for fraudulent misrepresentation could have been brought without a determination of their employment status. Plaintiffs' success on the main issue in the case makes them prevailing parties for purposes of costs under Rule 54(d)(1). See Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis, 220 F.3d 898, 905 (8th Cir. 2000) (summary judgment in a party's favor can render that party the "prevailing party"). Moreover, Patton and Pour in all likelihood

---

[4] FedEx seeks $3,218.02 in costs from Patton for fees for transcripts necessarily obtained for use in the case and $4,300.82 from Pour.

would have been called as witnesses at trial on the issue of the terms of employment. FedEx's attempt to apportion costs solely to these two plaintiffs is baseless.

Because there is no compelling reason to depart from Rule 54(d)'s standard procedure of awarding the prevailing party its costs, the Court will award costs to Plaintiffs and deny FedEx's motion for costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Bill of Taxable Costs [554] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that costs shall be taxed against Defendant FedEx Ground Package System, Inc. and in favor of Plaintiffs Reginald Gray, Jammie Hill, Marcus Holmes, Roy Patton, Jr., Kevin Pour, James Tichenor, Carl Tucker, Bobby Brown, Michael Jost, Richard Mitchell, and John Waweru in the amount of **$29,821.09**.

**IT IS FURTHER ORDERED** that Defendant's Bills of Costs against Plaintiff Roy Patton, Jr. [563] and Plaintiff Kevin Pour [564] are **DENIED**.

Dated this 5th day of September, 2014.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**