# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD GRAY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-00422 JAR |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant FedEx Ground Package System, Inc.'s Renewed Motion for Judgment as a Matter of Law Regarding Plaintiffs' Claims for Damages Related to Employee Benefits. (Doc. No. 555) The motion is fully briefed and ready for disposition.[1] For the following reasons, the motion will be denied.

Plaintiffs asserted state law damages claims for the value of the employee benefits they would have received had they been properly classified by FedEx as employees. Plaintiffs' damages expert, Douglas Miller, included in his reports annualized figures of $6,000 for "Medical, Dental, & Vision Insurance, Disability Insurance, Life Insurance, Travel & Accident Insurance" and $1,000 for "Estimated Retirement Benefits - Pension Plan and 401(K) Match" for each Plaintiff. FedEx asserts that apart from travel and accident insurance, all of these benefits were provided by its employee benefit plans, which are subject to and governed by ERISA.

In support of its motion, FedEx contends that Plaintiffs could only have sought damages for employee benefits in the context of the nationwide MDL ERISA class claim in *Craig v.*

---

[1] The parties have incorporated by reference their briefing on FedEx's Motion in Limine No. 2 to Exclude Evidence or Argument Regarding Damages Related to Employee Benefits. (Doc. Nos. 434, 482, 491)

*FedEx Ground Package Sys., Inc.*, Cause No. 3:05CV530 RLM (N.D. Ind.). The MDL ERISA claims were dismissed without prejudice for failure to exhaust administrative remedies, <u>see</u> <u>In re FedEx Ground Package System, Inc. Employment Practices Litigation</u>, 722 F.Supp.2d 1033, 1052 (N.D. Ind. 2010), which ruling was not appealed.[2] FedEx argues that having lost that claim in the MDL, Plaintiffs cannot now seek those same benefits indirectly as damages for fraudulent misrepresentation. FedEx further argues that Plaintiffs' damages claims "relate to" an ERISA benefit plan and are, therefore, pre-empted under 29 U.S.C. § 1144.[3]

To bring a claim under ERISA, a plaintiff must be "a participant, beneficiary or fiduciary" of an ERISA plan. 29 U.S.C. § 1132(a)(2); <u>Bendsen v. George Weston Bakeries Distribution Inc.</u>, 2008 WL 4449435, at *2 (E.D.Mo. Sept. 26, 2008) (citing <u>Hastings v. Wilson</u>, 516 F.3d 1055, 1060 (8th Cir. 2008)). ERISA defines "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). The Supreme Court has interpreted this definition of "participant" to include, "employees in, or reasonably expected to be in, currently covered employment, or former employees who have .... a reasonable expectation of returning to covered employment or who have a colorable claim to vested

---

[2] Plaintiffs' counsel states that to their knowledge none of the Plaintiffs herein were part of the limited nationwide MDL ERISA class. (Doc. No. 434 at 1, 9)

[3] ERISA's preemption clause provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter *shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan* described in section 1003(a) of this title and not exempt under section 1003(b) of this title … (Emphasis added.)

benefits." <u>Bendsen</u>, 2008 WL 4449435, at *2-3 (citing <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989) (internal quotations and citations omitted).

FedEx has always maintained that Plaintiffs were independent contractors as a matter of law. Because FedEx's benefits plans only covered its employees, Plaintiffs could not have asserted a claim in *Craig* until they litigated their employment status, which they did here. This Court concluded based on the evidence that FedEx had the right to control and did control the manner and means of Plaintiffs' work to such an extent that they were employees of FedEx and not independent contractors.[4] FedEx required that packages be delivered and picked up at certain times, dictated the drivers' dispatches, set the pricing, and even controlled what they wore, all to protect the FedEx brand. While Plaintiffs could sell their routes and hire drivers, they could do so only subject to FedEx's stringent guidelines. For this reason, FedEx's argument that Plaintiffs should have asserted their claims in the ERISA class action is not tenable.

FedEx further argues that Plaintiffs' attempt to recover the value of employee benefits as damages through their common law fraud claims "relates to" FedEx's ERISA benefits plans and is, therefore, pre-empted under § 1144. A state law "relates to" an ERISA plan within the meaning of § 1144(a) if it (1) expressly refers to an ERISA plan, or (2) has a connection with such a plan. <u>Shea v. Esensten</u>, 208 F.3d 712, 717 (8th Cir. 2000) (citing <u>California Div. of Labor Standards Enforcement v. Dillingham Const., N. A., Inc.</u>, 519 U.S. 316, 324 (1997); <u>Wilson v. Zoellner</u>, 114 F.3d 713, 716 (8th Cir. 1997)). FedEx does not assert that the common law invoked by Plaintiffs makes "reference to" an ERISA plan. Missouri's common law on misrepresentation is of "general application," and "does not actually or implicitly refer to ERISA

---

[4] The Court notes the conflicting state and federal opinions around the country addressing FedEx's classification of its drivers and its independent contractor model. Most recently, the 9th Circuit ruled that FedEx Ground and Home Delivery drivers are employees of the company, rather than the independent contractors that FedEx characterizes them as. <u>See</u> <u>Alexander v. FedEx Ground Package System, Inc.</u>, --F.3d--, 2014 WL 4211107 (9th Cir. Aug. 27, 2014).

plans." See Wilson, 114 F.3d at 717; In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 605 n. 6 (8th Cir. 1996). The same is true of Missouri's common law on estoppel, fraudulent inducement, and good faith. Thrailkill v. Amsted Industries Inc., 102 F.Supp.2d 1129, 1132-33 (W.D.Mo. 2000). Thus, the issue for this Court's determination is whether this state law claim has a "connection with" an ERISA plan.

The Eighth Circuit has defined several factors to be considered in determining whether a state law has a connection with an ERISA plan. The factors include whether the state law: (1) negates an ERISA plan provision; (2) affects relations between primary ERISA entities; (3) impacts the structure of ERISA plans; (4) impacts the administration of ERISA plans; (5) has an economic impact on ERISA plans; (6) is consistent with other ERISA provisions; and (7) is an exercise of traditional state power. Arkansas Blue Cross and Blue Shield v. St. Mary's Hosp., Inc., 947 F.2d 1341, 1344-45 (8th Cir. 1991). Courts must look at the totality of the state law's impact on the ERISA plan, and no one factor is determinative of the pre-emption issue. Id.

After careful consideration of these factors, the Court concludes that Plaintiffs' claims do not have a prohibited connection to an ERISA plan and are therefore not pre-empted by ERISA. These are not claims to recover benefits due under the terms of FedEx's plans, to enforce rights under the terms of the plans or to clarify rights to future benefits under the terms of the plans. Rather, Plaintiffs seek the value of employee benefits denied them based on their misclassification as independent contractors; any damages would come from FedEx, not from the plan itself.[5] See In Home Health, 101 F.3d at 605 (holding that negligent misrepresentation claims under state law were not pre-empted where plaintiff sued Prudential for damages, not for

---

[5] Plaintiffs' claims require reference to the plans for calculation of damages, and thus in some sense "relate to" a benefit plan. Nevertheless, the Supreme Court has recognized that the term "relates to" cannot be taken "to extend to the furthest stretch of its indeterminacy," or else "for all practical purposes pre-emption would never run its course." New York Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655 (1995).

plan benefits). See also Stewart v. Pershing Health System, 182 F.Supp.2d 856, 861 (E.D. Mo. 2001) ("Plaintiffs are not suing for plan benefits or challenging a provision of the [Plan]. Instead, they allege that Defendants withheld information about the imminent sale of the company and therefore prevented them from making an informed analysis about whether they would be eligible for plan benefits. This assertion does not negate any provision of the ERISA plan itself."). For that reason, Plaintiffs' state law claims would not have any significant economic impact on FedEx's plans. Wilson, 114 F.3d at 719 (holding that indirect economic influences are insufficient to support pre-emption.)

Moreover, this action does not affect relations between ERISA entities, impact plan structure or affect plan administration because Plaintiffs are not before the Court as ERISA participants. Prudential Ins. Co. of America v. Doe, 46 F.Supp.2d 925, 936 (E.D. Mo. Mar. 31, 1999). C.f. Arkansas BCBS, 947 F.2d at 1345 (where assignment statute at issue would have forced the plan administrator to alter the way in which it processed claims and "would have imposed significant administrative burdens on the administrator in determining whether a beneficiary had assigned his or her benefits to a health care provider."). As to whether pre-emption would be consistent with other ERISA provisions, the Court does not believe this factor is implicated here. Stewart, 182 F.Supp.2d at 862; In Home Health, 101 F.3d at 605. Finally, the Court finds that the fraudulent misrepresentation claims represent a traditional exercise of state power. St. John's Mercy Health System v. Healthlink, Inc., 2008 WL 4204721, at *6 (E.D. Mo. Sept. 9, 2008) (citing Stewart, 182 F.Supp.2d at 862).

For these reasons, the Court concludes that Plaintiffs' damages claims are not pre-empted by ERISA. FedEx's motion for judgment as a matter of law will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant FedEx Ground Package System, Inc.'s Renewed Motion for Judgment as a Matter of Law Regarding Plaintiffs' Claims for Damages Related to Employee Benefits [555] is **DENIED**.


Dated this 5th day of September, 2014.


_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**